# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARK C. HARSH, | ) | |
|     Plaintiff, | ) | Civil Action No. 10-223 Erie |
| | ) | |
| v. | ) | District Judge McLaughlin |
| | ) | |
| MICHAEL BARONE, et al, | ) | Magistrate Judge Baxter |
|     Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that, pursuant to the authority granted to courts by the Prison Litigation Reform Act, Plaintiff's claims against Defendant Bleday be dismissed due to Plaintiff's failure to accomplish service on him in accordance with Rule 4(m) of the Federal Rules of Civil Procedure. The Clerk of Courts should be directed to close this case.

### II. REPORT

#### A. Relevant Procedural History

Plaintiff filed this civil rights action on September 7, 2010. Originally named as Defendants to this action were: Michael Barone, Superintendent; Nurse Bunting; Dr. Maxa; Lt. Setnik, Captain Riskus, Dr. Bleday, and Nurse Sherbine. Plaintiff, a former state inmate, alleges that Defendants violated his constitutional rights in the delayed treatment and care of his broken arm. Plaintiff explains that as a result of an altercation with a fellow inmate on October 11, 2008, his arm was broken. Dr. Bleday is the orthopedic surgeon who ultimately performed surgery on Plaintiff's arm at Kane Community Hospital.

By Order dated September 22, 2010, this Court ordered the U.S. Marshal Service, as

1

directed by Plaintiff, to accomplish service of the complaint on all named Defendants. ECF No. 7. Despite the advanced age of this case, the docket reflects that Plaintiff has failed to accomplish service on Bleday. See ECF No. 10.

### B. Standards of Review

#### 1. *Pro se* litigants

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-521 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same).

#### 2. The Prison Litigation Reform Act

The PLRA provides that:

> (b) Grounds for dismissal—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is

> frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C.A. § 1915A. Under § 1915A, not only is a court permitted to *sua sponte* dismiss a complaint which fails to state a claim, but it is required to do so. Nieves v. Dragovich, 1997 WL 698490, at *8 (E.D. Pa. 1997) ("Under provisions of the Prison Litigation Reform Act codified at 28 U.S.C. §§ 1915A, 1915(e) and 42 U.S.C. § 1997e(c), the district courts are required, either on the motion of a party or sua sponte, to dismiss any claims made by an inmate that are frivolous or fail to state a claim upon which relief could be granted.").

The PLRA also amended the statutory provisions with respect to actions brought by prisoners who are proceeding *in forma pauperis*. See 28 U.S.C. § 1915(e)(2). Title 28 U.S.C. § 1915(e)(2) provides: "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—(B) the action or appeal—(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Under this provision as well, not only is a court permitted to *sua sponte* dismiss a complaint which fails to state a claim, but it is required to do so by mandatory language. See, e.g., Keener v. Pennsylvania Bd. of Probation & Parole, 128 F.3d 143, 145 n.2 (3d Cir. 1997) (describing 28 U.S.C. § 1915(e)(2)(B) as "the PLRA provision mandating sua sponte dismissal of *in forma pauperis* actions that are frivolous or fail to state a claim."). In performing a court's mandated function of *sua sponte* reviewing a complaint under 28 U.S.C. § 1915(e) and under § 1915A to determine if it fails to state a claim upon which relief can be granted, a federal district court applies the same standard applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). See, e.g., Tucker v. Angelone, 954 F.Supp. 134, 135 (E.D. Va. 1977) ("Under 28 U.S.C. §§ 1915A,

3

1915(e), and 42 U.S.C. § 1997e(c), the courts are directed to dismiss any claims made by inmates that 'fail to state a claim upon which relief could be granted' ").

### C. Service

Proper service "is an essential step in establishing a district court's personal jurisdiction over the defendants." Chiang v. U.S. Small Business Administration, 331 Fed.Appx 113, 116 (3d Cir. 2009). The Federal Rules of Civil Procedure clearly sets out the requirements for service. "If a defendant is not served within 120 days after the complaint is filed, the court … must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed.R.Civ.P. 4(m).

*Pro se* litigants are not exempt from the requirements of the Federal Rules of Civil Procedure. See McNeil v. United States, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse the mistakes of those who proceed without counsel."); Faretta v. California, 422 U.S. 806, 834 n.46 (1975) (explaining that *pro se* status is not a license to disregard procedural rules); Ayres v. Jacobs & Crumplar, P.A., 99 F.3d 565, 567, 570 (3d Cir. 1996).

Federal Rule of Civil Procedure 4(m) provides that a defendant should be served within 120 days of the filing of the complaint. Id. ("If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time.").

As noted earlier, Defendant Bleday was never served in this case, in contravention of this

4

Court's order, and he has not had an attorney enter an appearance on his behalf. As a result, Bleday should be dismissed from this case pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, as he was not served within 120 days of the date(s) on which he was named as a Defendant in this case.

### III.     CONCLUSION

For the foregoing reasons, it is respectfully recommended that, pursuant to the authority granted to courts by the Prison Litigation Reform Act, Plaintiff's claims against Defendant Bleday be dismissed due to Plaintiff's failure to accomplish service on him in accordance with Rule 4(m) of the Federal Rules of Civil Procedure. The Clerk of Courts should be directed to close this case.

In accordance with 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72, the parties must seek review by the district court by filing Objections to the Report and Recommendation within fourteen (14) days of the filing of this Report and Recommendation. Failure to file timely objections may constitute a waiver of appellate rights. See Brightwell v. Lehman, 637 F.3d 187, 194 n.7 (3d Cir. 2011); Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: March 20, 2013